# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| **ALPHONSE GAINER,** ) | |
| ) | |
| Petitioner, ) | Case No. 7:19CV00446 |
| ) | |
| v. ) | **OPINION** |
| ) | |
| **M. BRECKON, WARDEN USP LEE,** ) | JUDGE JAMES P. JONES |
| ) | |
| Respondent. ) | |

*Alphonse Gainer, Pro Se Petitioner; Sara Bugbee Winn, Assistant United States Attorney, Roanoke, Virginia, for Respondent.*

Petitioner, Alphonse Gainer, a federal inmate proceeding pro se, filed this Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241.[1] The court severed Gainer's Petition into eight separate civil actions, each challenging one or more disciplinary proceedings by which Gainer lost Good Conduct Time ("GCT"). This action consists of Claim D,[2] related to Incident Report No. 2101664. I denied summary judgment but directed Gainer to show cause why Claim D should not be

---

[1] When Gainer filed his § 2241 petition, he was confined at the United States Penitentiary in Lee County, Virginia, a facility operated by the Federal Bureau of Prisons ("BOP") and located within this judicial district.

[2] In construing and severing Gainer's initial Petition, the court used the letter designations that Gainer had assigned to his 12 claims. I note that counsel for Respondent also used letters to designate the attached records for each claim with the Respondent's Motion for Summary Judgment filed jointly in all of the pending cases. These two sets of letter designations do not match.

dismissed as moot. After review of the record and the parties' responses, I conclude that Gainer's claim is moot or without merit and must be dismissed.

I.

Gainer filed his § 2241 Petition in May 2019. As to Claim D, the Respondent's documentation demonstrates that the incident at issue occurred on November 2, 2010 and Incident Report No. 2101664 issued on December 15, 2010, charging Gainer with assault and possession of a weapon. Mem. Supp. Mot. Summ. J. Ex 1, Little Decl., Attach. F, ECF No. 11-7. At the hearing on January 13, 2011, the Disciplinary Hearing Officer ("DHO") found Gainer guilty of both charges, based on statements by staff and the inmate victim and a medical assessment of his injuries. The DHO penalized Gainer with the loss of a total of 67 days of GCT for the two charges. The Respondent's documentation indicates that Gainer was provided with a copy of the DHO Report on February 3, 2011. It is undisputed that Gainer received a copy of the DHO report in September 2019, as an attachment to the Respondent's Motion for Summary Judgment. The Appeal Rights section of the DHO report states: "The inmate has been advised of his right to appeal this action within 20 calendar days under the Administrative Remedy Procedure."

In his unverified Petition, Gainer contends that he never received a copy of the DHO report related to Claim D, in violation of his due process rights. On that basis, he seeks expungement of the disciplinary offense and restoration of his

forfeited GTC. I referred the Respondent's summary judgment motion to the magistrate judge, who issued a Report and Recommendation that I adopted without objection from the parties. Specifically, I found that in September 2019, as Gainer now concedes, he received a copy of the DHO's written statement regarding Claim D, attached to the summary judgment motion. I found material facts in dispute as to whether Gainer had previously received the DHO's written statement. I denied summary judgment,[3] but I directed Gainer to show cause why his claim should not be dismissed as moot, since he has now received a copy of the DHO report.

Both parties have filed responses on the issue of mootness. Gainer's unverified response asserts that delay of the DHO report affected his opportunity to appeal the DHO's findings in a timely manner; that appeals he attempted in the past were rejected because he could not provide a copy of the DHO report to the appellate reviewers at the BOP Regional or Central Offices; and that belated receipt of the DHO report made "it impossible to request video or camera footage and or witnesses," evidence that "could have ex[o]nerated [him] of all or part of accusations." Resp. 1, ECF No. 20. I construe the claim I must consider here as having the following facets: (1) failure to provide Gainer with the DHO report

---

[3] I also denied summary judgment as to the Respondent's argument that Gainer failed to exhaust administrative remedies. I found disputes of fact as to whether he could show cause and prejudice for his failure to do so, based on the alleged delays of the DHO report. Because I herein conclude that Gainer's claim must be dismissed as moot or without merit, I need not consider the exhaustion issue further.

violated due process under *Wolff*; and (2) delay of the DHO report (a) prevented him from requesting exculpatory evidence; and (b) violated BOP policy in a manner that prejudiced his ability to appeal the DHO's findings.

II.

Prisoners may not be deprived of life, liberty or property without due process of law. *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). "[I]t is well-established that inmates have a liberty interest in the forfeiture of vested good conduct time." *Masengale v. Streeval*, No. 7:19-CV-543, 2020 WL 4227559, at *4 (W.D. Va. July 23, 2020).[4] "Thus, good conduct time can only be taken from a prisoner in a manner that comports with due process." *Id.* *Wolff* provides that when a prisoner is accused of a disciplinary infraction involving loss of GCT (1) he must receive written notice of the charges; (2) he must be allowed to call witnesses and present documentary evidence in his defense when permitting him to do so will not be unduly hazardous to institutional safety or correctional goals; and (3) there must be a written statement by the factfinder as to the evidence relied on and the reasons for the decision. 418 U.S. at 564-65.

Courts have recognized that "with respect to a [§ 2241] claim that an inmate did not receive the DHO Report, such a claim is rendered moot if the inmate receives

---

[4] I have omitted internal quotation marks, alterations, and citations here and throughout unless otherwise noted.

the report after filing" his petition. *Jones v. Andrews*, No. 1:20CV251 (CMH/TCB), 2020 WL 4809440, at *3 (E.D. Va. Aug. 18, 2020) (citing other cases). Gainer concedes that he has received a copy of the DHO report, thus fulfilling that aspect of his due process rights under *Wolff*. Thus, I must deny this due process claim as moot.

Delayed receipt of a DHO report, even in violation of BOP procedures, without more, is also not a due process violation. *Orozco v. Streeval*, No. 7:19-CV-00040, 2021 WL 849985, at *3 (W.D. Va. Mar. 5, 2021); *accord Pinson v. Berkebile*, 528 F. App'x 822, 826-27 (10th Cir. 2013) (unpublished) (finding no prejudice to prisoner challenging disciplinary proceeding based on multiyear delay in delivery of DHO report). According to BOP policy, an inmate will receive a copy of the DHO report "ordinarily within 15 work days of the decision." *Orozco*, 2021 WL 849985, at *3. However, BOP staff violations of BOP "policies do not amount to a due process violation." *Id.* "It is not the mere fact of the government's delay that violates due process, but rather the prejudice resulting from such delay." *Consolidation Coal Co. v. Borda*, 171 F.3d 175, 183 (4th Cir. 1999).

I find no merit to Gainer's assertion that any delay of the DHO report prejudiced his ability to gather evidence. Evidence gathering occurs before or during the hearing process, long before the DHO issues findings on that evidence in the report. The records related to Claim D indicate that Gainer was advised of his right

to request witnesses and documentary evidence well before the hearings and that he had the opportunity to avail himself of those rights. Thus, I will dismiss Gainer's claim of prejudice related to hearing evidence.

Gainer also has no claim that delay of the DHO report deprived him of a constitutional due process right to appeal the disciplinary findings. Federal procedural protections under *Wolff* do *not* include a right to appeal the DHO's finding or the imposed penalty. *Brown v. Angelone*, 938 F. Supp. 340, 345 (W.D. Va. 1996) (holding that because "*Wolff* did not mandate that prison officials provide inmates with an appeal of disciplinary hearing findings," violation of prison disciplinary appeal procedures does "not implicate federal due process rights"); *Orozco*, 2021 WL 849985, at *3 (citing other cases). As such, I will dismiss Gainer's claim that the alleged delayed receipt of the DHO report deprived him of a constitutional right to appeal the DHO's findings.

As discussed, under limited circumstances, a governmental delay in violation of a BOP policy may also prejudice an inmate's rights in other respects. For example, a delay in providing a DHO report might prejudice the inmate's right to appeal forfeiture of his GTC to seek restoration in time to affect his release date. *See Shahan v. Ormond*, No. 3:18CV200-HEH, 2018 WL 6681210, at *8 (E.D. Va. Dec. 19, 2018), *aff'd*, 778 F. App'x 217 (4th Cir. 2019) (unpublished) (holding that because inmate could appeal after receipt of delayed DHO report concerning

revocation of GCT — the only sanction in which he had a protected liberty interest — delay did not prejudice him given the length of time before his projected release).[5] Ordinarily, if the governmental delay of the DHO report did not inhibit the inmate's opportunity to appeal, however, he has no actionable habeas claim based merely on the delay. *See Oswald v. Andrews*, No. 2:20CV367, 2021 WL 2306737, at *4–5 (E.D. Va. Apr. 19, 2021) ("A delay in receiving a written statement of the evidence relied on that does not have a prejudicial effect on the prisoner's administrative appeal, does not provide a basis for habeas relief on due process grounds.") (citing other cases), *R. & R. adopted*, No. 2:20CV367, 2021 WL 2295585 (E.D. Va. June 4, 2021).

Gainer simply fails to show that any governmental delay alone affected his ability to appeal. First, he fails to show why he waited nearly nine years to file this § 2241 action or other administrative remedies about the lengthy delay he claims. While he vaguely alleges that he requested copies of the DHO report, he offers no dates for these requests and presents no evidence that he pursued administrative remedies about the alleged delay in receiving the report.[6] Instead, it appears that

---

[5] The record indicates that Gainer's expected release date is in July 2026. Given the time before that date, he has not shown that the alleged delays of the DHO report in this case prejudiced his ability to seek and enjoy any potential benefit from restoration of lost GCT.

[6] It also appears that Gainer could have requested extensions to pursue administrative remedies, based on the delay of the DHO report. 28 C.F.R. § 542.15

Gainer sat on his hands for years and then asserted in 2019 that alleged governmental delays in 2011 should entitle him to restored good conduct time. The lack of evidence of any personal diligence by Gainer in obtaining documentation and appealing these disciplinary proceedings in a timely manner severely undercuts his contention that alleged delay by BOP staff prejudiced his ability to appeal. *See Robinson v. Hutchinson*, No. 4:20-00162-TLW, 2021 WL 508389, at *2 (D.S.C. Feb. 11, 2021) (holding that petitioner cannot establish due process violation where lack of appeal was result of his own inaction rather than BOP staff actions); *Shahan*, 2018 WL 6681210, at *7–8 (same).

Second, the record does not support Gainer's claim that delay of the DHO report *prevented* him from pursuing administrative appeals. It is clear from the documentation of the disciplinary proceedings that an inmate has 20 days from *receipt* of the DHO report to appeal its findings. Gainer vaguely claims that his unspecified, attempted appeals were rejected because he did not have the DHO report. The record reflects, however, that if an administrative remedy is rejected for failure to include the DHO report, the computer record would so designate using the

---

(providing extension of appeal time limits when inmate demonstrates valid reason for delay, such as situations described in 28 C.F.R. § 542.14(b)). "In general, [a] valid reason for delay means a situation which prevented the inmate from submitting the request within the established time frame." 28 C.F.R. § 542.14(b). Among other things, this regulation allows for extensions based on the inmate's indication, verified by staff, that his request for an administrative remedy response was delayed. The record does not reflect that Gainer made any effort to seek extensions to appeal.

code DHO.  According to BOP Legal Assistant Tiffanie Little with the BOP Mid-Atlantic Regional Office, none of Gainer's administrative remedies related to the Incident Reports at issue in his initial twelve-claim petition was rejected based on his failure to include the DHO report.  Little Decl. ¶ 19, ECF No. 11-1.  It is undisputed that on February 15, 2011, Gainer initially filed a Regional level appeal related to Claim D that was rejected for failing to include required documents.  *Id.* ¶ 12.  Instead of refiling this appeal at the Regional level with the correct documentation, Gainer filed an appeal to the Central Office that was rejected for being filed at the wrong level.  Gainer then filed a corrected Regional level appeal on May 10, 2011.  This appeal was rejected for not being sent to the correct Regional Office.  Gainer then filed another remedy to the Central Office.  On August 17, 2011, that appeal was partially granted by the Central Office.  On January 25, 2012, a DHO conducted a rehearing regarding Incident Report 2101664.  The DHO found Gainer guilty of the charges and sanctioned him with the loss of 40 days of GCT.  Gainer received a copy of the DHO Report from this rehearing on January 26, 2011, but he did not file any appeal from those findings.

Third, Gainer fails to demonstrate any nonfrivolous claim that he was unable to pursue in a BOP administrative appeal regarding the disciplinary proceedings at issue in this case.  His Petition challenged only the delay of the DHO report itself.  It did not include any substantive challenge to the DHO's findings that he wished to

bring on appeal.  Thus, I find no factual basis on which the alleged delay in violation of BOP policy prejudiced Gainer in any meaningful way.

### III.

Based on the foregoing, I conclude that facets of Gainer's claim in this case are either moot or without merit.  He is not entitled to habeas relief under § 2241 based on his allegation that his copy of the DHO report at issue in Claim D was delayed and this claim is denied.

A separate Judgment will be entered herewith.

DATED:  May 12, 2022

/s/  JAMES P. JONES
Senior United States District Judge